FINAL REPORT[1]

*New Pa.R.Crim.P. 463*
*Revisions of the Comments to Pa.Rs.Crim.P. 458, 460, 462, and 546*

DISMISSAL OF SUMMARY CASES UPON SATISFACTION OR BY AGREEMENT IN THE COURT OF COMMON PLEAS

_____

On January 27, 2021, effective June 1, 2021, upon the recommendation of the Criminal Procedural Rules Committee, the Court adopted new Rule 463 (Dismissal of Summary Cases upon Satisfaction or by Agreement in the Court of Common Pleas) and revised the *Comments* to Rules 458 (Dismissal in Summary Cases upon Satisfaction or Agreement), 460 (Notice of Appeal), 462 (Trial *De Novo*), and 546 (Dismissal upon Satisfaction or Agreement) to clarify the proper rule authority to dismiss a summary case upon satisfaction or by agreement when the case is on appeal to the court of common pleas.

The Committee was presented this question due to an ambiguity in the various rules relating to dismissal by agreement. Rule 458 and Rule 586 both provide procedures for the dismissal of cases upon satisfaction or by agreement of the parties. While the language in Rule 586 does not limit itself to non-summary offenses, the *Comment* following the Rule suggests that only summary offenses joined to a court case can be dismissed pursuant to the Rule, "[i]f a summary offense is joined with a misdemeanor, felony, or murder charge, and therefore is part of the court case, a dismissal of the case pursuant to this rule may include a dismissal of the summary offense." Rule 458 is applicable to summary offenses, but the *Comment* provides, "[f]or dismissal upon satisfaction or agreement by a judge of the court of common pleas, see Rule 586."

This *Comment* terminology resulted in the confusion that gave rise to this question. There is an unpublished Superior Court case, *Commonwealth v. Gonder*, 2015 WL 7721790 (Pa. Super. 2015) that held that a common pleas judge could not dismiss under Rule 458 because it only applied to magisterial district judges. However, the facts of *Gonder* involve a situation more akin to a *nolle pros* rather than a true dismissal upon agreement. Additionally, the Committee believes that the interpretation

---

[1] The Committee's *Final Reports* should not be confused with the official Committee *Comments* to the rules. Also, note that the Supreme Court does not adopt the Committee's *Comments* or the contents of the Committee's explanatory *Final Reports*.

of the rule in *Gonder* may read the rule too narrowly since the definition of "issuing authority" is broader in meaning than "magisterial district judges." The language in the Rule 458 *Comment* has been in place since 1983 and may reflect older terminology that was intended to convey a meaning of "court cases."

The Committee examined the history of the two rules as well as that of Rule 546 (Dismissal upon Satisfaction or Agreement). Rule 546 provides for dismissal upon agreement in court cases by an issuing authority, presumably occurring before or at the time of the preliminary hearing. Rule 586 represents a similar dismissal when the court case is at the court of common pleas. The *Comment* to Rule 546 states, "For dismissal upon satisfaction or agreement in summary cases, see Rule 458" without distinction to the type of judge approving the dismissal. Looking at the three rules in conjunction, the Committee concluded that Rules 546 and 586 were intended to cover dismissals of court cases while Rule 458 was intended cover dismissals in summary cases. The omission of a mention of summary appeals may have been an oversight or a belief that dismissals by agreement after a summary case had been appealed to the court of common pleas were rare occurrences. Additionally, Chapter 5 is the portion of the rules that deal with court cases. Placing the procedure for the resolution of summary cases in that chapter would be an anomaly, especially considering that appeals to the common pleas court are contained in Chapter 4, *e.g.* Rule 462 (Trial *De Novo*).

Initially, the Committee believed that a revision to the *Comments* to Rules 458 and 546 that summary cases appealed to the common pleas court that are dismissed by agreement are governed by Rule 458 would be sufficient to resolve this question and a proposal to that effect was published for comment. See 49 *Pa.B.* 833 (February 23, 2019). Following publication, the Committee reconsidered the issue and determined that proceeding via an explanatory *Comment* in a tangential rule might be insufficient and easily overlooked. The Committee concluded the dismissal procedure for summary cases on appeal is sufficiently consequential that it should be specified in a separate rule, akin to the other distinct rules addressing analogous dismissals (Rules 458, 546, and 586). Each of those rules contains certain preconditions before the case may be dismissed. The Committee agreed that this procedure for allowing for the dismissal of a summary case that has been appealed to the court of common pleas should be added to Part F (Rules 460-462). That Part expressly governs "Procedures in Summary Cases for Appealing to Court of Common Pleas for a Trial *de Novo.*"

Therefore, new Rule 463 (Dismissal of Summary Cases upon Satisfaction or by Agreement in the Courts of Common Pleas) has been adopted, providing the authority for the dismissal of summary cases upon satisfaction or by agreement when the case is before a court of common pleas. The Committee examined the criteria contained in the other rules providing for dismissal upon satisfaction or by agreements, *i.e.,* the public interest will not be adversely affected; the attorney for the Commonwealth, or in cases in which there is no attorney for the Commonwealth present, the affiant, consents to the dismissal; satisfaction has been made to the aggrieved person or there is an agreement

that satisfaction will be made to the aggrieved person; and there is an agreement as to who shall pay the costs. The Committee concluded that these same criteria would be appropriate considerations in the dismissal of such cases at the court of common pleas. Therefore, these criteria have been incorporated into new Rule 463. Additionally, cross-references to this new rule have been added to the *Comments* to Rules 458 (Dismissal in Summary Cases upon Satisfaction or Agreement), 460 (Notice of Appeal), 462 (Trial *De Novo*), and 546 (Dismissal upon Satisfaction or Agreement).